The Mayor, Recorder and Aldermen of the City of Annapolis *vs.* The State of Maryland.

*Indictment of a Municipal Corporation—A Statute enacted pending an Indictment, may be Pleaded in bar by the Traverser — Construction of the 28th section of Article 3, of the Constitution of 1864.*

The Corporation of Annapolis was indicted for encroaching upon, stopping up and obstructing a street in said city. The obstruction consisted in the erection of a fence by a person to whom permission had been given by the corporate authorities of the city. As a bar to the indictment, the corporation pleaded the act of permission, in pursuance of which the obstruction was erected, and also the Act of 1867, ch. 240, passed pending the indictment, entitled "An Act to amend and alter the charter of the city of Annapolis," in which, among other things, it was provided; "that all acts, deeds or ordinances of the Mayor, &c., of Annapolis, theretofore made, done, executed or passed in reference to the closing or ˙discontinuance of any street, lane or alley in said city, was thereby declared and made operative and valid in the same manner as if the said Mayor, &c., had full power and authority to do the same, at the repective times when the same were severally done." HELD:

1st. That the erection of the fence amounted to a closing or discontinuance of the street within the meaning of the Act of Assembly, and was made valid and lawful thereby.

2d. That the Act of Assembly was properly pleaded in bar to the indictment.

3d. That the Act itself was in accordance with the provision of the Constitution of 1864, which required that every law enacted by the General Assembly should embrace but one subject, and that should ˙be described in the title.

APPEAL from the Circuit Court for Anne Arundel County.

The appellants were indicted at October Term, 1866, of Anne Arundel County Court, for encroaching upon, stopping up and obstructing, on the 30th of March previous, South street, alleged to be a public highway in the city of Anna-

polis. The indictment contained four counts: the first charged the obstruction by the erection of a plank fence, by certain persons to the jurors unknown, and which was unlawfully allowed to remain by the appellants; the second, by the erection of a fence by a certain George Wells, and unlawfully allowed to remain by the appellants; the third, by the erection of a fence by the appellants, and by them unlawfully allowed to remain; and the fourth charged that the appellants unlawfully permitted the said Wells to erect the fence and allowed the same to remain. To the indictment the appellants demurred. The Court (W. T. IGLEHART, Special Judge,) overruled the demurrer, and on the 27th of September, 1867, the appellants pleaded to the indictment, alleging that in the year 1836, they gave permission to said Wells to close South street, by the erection of the fence, he paying no rent for the use of the same until 1858, when he was required by them to pay annually, the sum of $12, for the use and occupation of the bed of the street, which sum he continued to pay until the 29th of March, 1866, when the appellants sold to him, for the sum of $200, the bed of the street, reserving to themselves the right to re-open the street, whenever they should deem it expedient, upon refunding the purchase money, and that said street remained closed by virtue of the aforesaid permission, order, contracts, &c. They further alleged that after the finding of the indictment, to wit: on the 19th of March, 1867, the General Assembly of Maryland passed an Act, to take effect from its passage, entitled "An Act to amend and alter the charter of the city of Annapolis," (1867, ch. 240,) wherein, among other things, power was granted to the appellants "to establish new streets, lanes and alleys, and to widen and extend, stop up or discontinue new streets, lanes and alleys, which might thereafter be opened in virtue of the power thereby invested in the appellants; but nothing therein contained should relate to or in any manner affect any streets, lanes or alleys which had been at any time theretofore opened and used as public highways;" and it was

further provided, "that all acts, contracts, deeds or ordinances of the appellants made, &c., in reference to the closing or discontinuance of any street, &c., was thereby declared and made operative and valid, in the same manner as if the appellants had full power to do the same at the respective times when the same were severally done." To this plea the appellee demurred; the Court sustained the demurrer and passed a final judgment, imposing upon the appellants a fine of one cent, and requiring that the obstructions on South street, constituting the nuisance, should be forthwith removed and abated at their cost and expense. From this judgment the present appeal was taken.

The cause was argued before STEWART, GRASON, ALVEY and ROBINSON, J.

*Alexander B. Hagner,* for the appellants:

The Court below should have given judgment on the demurrer to the appellant's plea against the State. The acts of permission on the part of the corporation, in connection with the curing Act of 1867, ch. 240, as set forth in the plea, constituted a bar to the indictment. *Angell on Highways, secs.* 323, 324; *Washburne on Easements, p.* 553, *secs.* 3, 13; 2 *Bishop's Crim. Law, sec.* 1058, *p.* 90, *sec.* 31, *p.* 94, *sec.* 36, *p.* 111, *sec.* 67; *Rex vs. Pease,* 4 *B. & Ad.,* 30; *The People vs. The Corporation of Albany,* 11 *Wend.,* 544; *Respublica vs. Arnold,* 3 *Yeates,* 418; *The Regents, &c. vs. Williams,* 9 *G. & J.,* 401, 426; *State vs. B. & O. R. R. Co.,* 12 *G. & J.,* 434, 438; *Mayor, &c., of Balto. vs. Police Board of Balto.,* 15 *Md.,* 462, 491; *Borden vs. Vincent, et al.,* 24 *Pick.,* 301; *Pollard vs. Barnes,* 2 *Cush.,* 191; *Cuthbert vs. Lawton,* 3 *McCord,* 195; *The People vs. Law,* 34 *Barbour,* 494, 498; 6 *Barn. & Cress.,* 264, 271.

The second section of the Act of 1867, ch. 240, ratified all former acts of the corporation in reference to the closing or discontinuance of streets, &c. Similar Acts have repeatedly

OCTOBER TERM, 1868.    115

Mayor, &c., of Annapolis, vs. State of Maryland.

been passed by the Legislature on the same subject.  1847, *ch.* 158;  1853, *ch.* 185;  1866, *ch.* 46;  1867, *ch.* 294;  1867, *ch.* 387.

The Act was not unconstitutional in form.  *Davis vs. The State,* 7 *Md.,* 158;  *Franklin vs. State,* 12 *Md.,* 235;  *Parkinson vs. State,* 14 *Md.,* 184.

The corporation was not indictable for an act of *misfeasance.* 12 *Mad.,* 559;  *State vs. Great Works Milling and Man. Co.,* 20 *Maine,* 41;  2 *Virg. Cas.,* 362;  *Angel & Ames on Corp.,* secs. 394, 396;  *Wroe vs. State,* 8 *Md.,* 416;  *Fowle vs. The Common Council of Alexandria,* 3 *Peters,* 409;  *The People vs. The Corporation of Albany,* 11 *Wend.,* 542.

*Wm. Tell Claude* and *Isaac D. Jones,* (Attorney General,) for the appellee:

A corporation may be indicted for breach of duty.  *Com. vs. Worcester Turnpike Co.,* 3 *Pick.,* 327;  *State vs. Great Works Co.,* 2 *App.,* 41;  *People vs. Corp. of Albany,* 11 *Wendell,* 539.

An indictment will lie against a corporation for not repairing roads, &c.  *Simpson vs. State,* 10 *Yerger,* 525;  *State vs. N. J. Turnpike,* 1 *Harr.,* 222;  *State vs. Patton,* 4 *Iredell,* 16.

A fence in a public highway is a nuisance, for which there may be indictment, trial and conviction, and if charged with a continuance at the date of the inquisition, it justifies a judgment to abate the nuisance.  *Wroe vs. State,* 8 *Md.,* 416; *Gregory vs. Com.,* 2 *Dana,* 417.

The power of a Municipal Corporation over public property, does not confer authority to sell or use it in a way variant from the intended object.  *Com. vs. Alburger,* 1 *Whart.,* 469.

The second section of the Act of 1867, ch. 240, was retrospective, and ratified former acts of the Corporation in certain cases, but the Legislature could not, by retrospective legislation, make valid any act of a subordinate tribunal, which would be illegal and without effect if executed by the Legislature itself, in the exercise of original jurisdiction.

The Legislature, under the power of eminent domain, may take private property for public use; it is a sovereign power, inherent in the State, and may be delegated to individuals or corporations within proper limitations, but the power is not absolute and unqualified; it cannot be exercised or delegated except for the public use and benefit, and then only upon the payment or tender of just compensation for all damages sustained in its execution. The opening and closing of streets is an exercise of that sovereign power, but subordinate to the Constitution and fundamental principles of law, so that the Legislature cannot, without proper qualification, confirm all former acts, &c., of a Municipal Corporation in reference to the closing or discontinuance of streets; therefore the second section of 1867, ch. 240, is inoperative. *Constitution of* 1864, *Article* 3, *sec.* 39; *Hoye vs. Swan's Lessee,* 5 *Md.,* 237; *Tide Water Canal Co. vs. Archer,* 9 *G. & J.,* 479; *Moale vs. Mayor, &c., of Baltimore,* 5 *Md.,* 314; *Reddall vs. Bryan, and others,* 14 *Md.,* 444; *Bellona's case,* 3 *Bl.,* 442; *State, ex rel., McClellan vs. Graves,* 19 *Md.,* 351; *Kane vs. Mayor, &c., of Baltimore,* 15 *Md.,* 240.

. As a natural sequence, the Legislature, in its exercise of power, could not take property from one man and give or sell it to another; could not take part of a public street and give, rent or sell it to a private citizen; could not take public property, in which all citizens had a common right, and give, rent or sell it to an individual for his own private use and occupation; nor could such acts done by any other authority be legally confirmed.

By the Constitution of 1864, it was provided that every law should embrace but one subject, and that should be described in the title. The second section of the Act, pleaded in bar to the indictment, is embraced in an Act, entitled "an Act to amend and alter the charter of the city of Annapolis;" this section confirms certain acts, deeds and ordinances of the Corporation of Annapolis, and is neither to amend nor alter the charter of the city, but embraces a subject altogether foreign

to that instrument; this section makes the law to embrace more than one subject, and that not described in the title, and it is therefore void. *State Constitution* 1864, *Art.* 3, *sec.* 28; *Davis vs. State,* 7 *Md.,* 151.

ROBINSON, J., delivered the opinion of the Court.

The view we take of this case, makes it unnecessary to decide whether the traversers, a Municipal Corporation, are liable to indictment for obstructing or closing South street, alleged to be a public highway, in the city of Annapolis. If this be conceded, we are clearly of opinion, that their *special plea,* setting forth the acts of permission in pursuance of which the obstruction was erected, in connection with the provisions of the curing Act of 1867, ch. 240, constitute a bar to the indictment.

The general rule in the construction of this and all other statutes, is to ascertain the intention of the Legislature, and to this end, each and every provision of the law must be taken and compared together. Now although, the first section of the Act of 1867, in conferring power upon the corporation to open and discontinue new streets, provides, that it shall not extend to streets already opened; this limitation cannot be held to control the second section, which declares, that " all acts, deeds or ordinances of the Mayor, Recorder or Aldermen of said city, heretofore made, done, executed or passed in reference to the *closing* or *discontinuance of any street, lane* or *alley,* in said city, be and the same are hereby declared and made operative and valid, in the same manner, as if the said Mayor, Recorder or Aldermen, had free power and authority to do the same, at the respective times, when the same were severally done." Such a construction, would defeat the plain, explicit and unambiguous provisions of the law.

But it is said, that the traversers are not charged with the *closing* or *discontinuance* of South street, and they cannot, therefore, rely upon this Act in response to the indictment.

This objection is more technical than sound.   The indict-
ment does charge them with *encroaching upon, obstructing*
and *"stopping up."* said street by means of a fence, and it
would be difficult to distinguish between these acts and the
actual closing or discontinuance of the street.   But be this
as it may, the question is not whether they are so charged,
but whether the obstructions erected by the traversers, and
for which they are indicted, amount in fact to a closing or
discontinuance of the street?   And upon this point, we think
there cannot be a doubt.   In their special plea, it is averred,
that the fence across the street was erected by their permis-
sion; that it had remained there for a period of over *thirty
years,* and that the bed of the street had been sold and con-
veyed by them to the purchaser.   We are at a loss to imagine
a more effectual closing or discontinuance of a street, than thus
averred in this plea.   Moreover, this street was obstructed and
this indictment pending, when the Act of 1867 was passed.
It does not appear from the record, that any other street had
been closed or discontinued or obstructed, and if the second
section was not intended to embrace South street, "what acts,
deeds, ordinances" of the traversers "in the closing or dis-
continuance of any street, lane or alley, in said city," was it
the purpose of the Legislature to ratify and make valid?   We
cannot escape the conclusion therefore, but that it was the
intention to confirm and make lawful the very acts of the
traversers, charged in this indictment.   Such an interpre-
tation is demanded both by the spirit and letter of the
statute.

But it is urged, in the next place, that the Act of 1867,
contravenes the 28th section of Article 3, of the Constitution
of 1864, which provides that "every law enacted by the
General Assembly shall embrace but one subject and that
shall be described in the title."   The *object* of this provi-
sion, and the *evils* against which it was intended to guard,
are very clearly stated by this Court in *Davis vs. State,* 7
*Md.,* 152; *Keller, et al. vs. State,* 11 *Md.* 525, and *Parkinson*

*vs. The State,* 14 *Md.,* 186, and these cases are decisive as to the objection now made.

The title of the Act of 1867, declares it to be "an Act to amend and alter the charter of the city of Annapolis." The subject matter of legislation, was the charter of a Municipal Corporation, embracing its powers, rights and duties. In the first section the boundaries of the city are defined, power to open, alter and discontinue new streets conferred, and can it be said, that a clause ratifying acts and ordinances already done and passed by the corporation, in the closing or discontinuance of a street, is *foreign* to the subject matter as declared by the title? That it can be considered as a blending of different and independent subjects in the same law? We think not. And whilst it is the duty of the Court to place such a construction upon this constitutional provision, as shall guard against the mischiefs intended by it to be remedied, reason and sound policy demand, that we should not by a technical interpretation embarrass legislation and encumber laws with long and prolix titles.

If then, the acts of the traversers, in closing or obstructing South street, and for which they have been indicted are made valid and lawful, the only remaining question to be decided, is whether they can plead the statute in bar to the indictment? In *Keller vs. The State,* 12 *Md.,* 323, it was decided that a party could not be convicted after the law under which he was being prosecuted had been repealed, although the offence may have been committed before the repeal. "The same principle applies where the law is repealed or expires pending an appeal or writ of error from the judgment of an inferior Court," because the decision must be in accordance with the law at the time of final judgment. In the language of C. J. MARSHALL, in 1 *Cranch,* 110, "if it be necessary to set aside a judgment rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."

Applying the principles of these decisions to this case, we are of opinion, that the traversers had the right to interpose

the plea, relying upon the Act of 1867, as a bar to the further prosecution of the indictment.

The judgment of the Court below, sustaining the demurrer to this plea was therefore erroneous and must be reversed.

*Judgment reversed.*

(Decided 28th January, 1869.)