E. AUSTIN BAUGHMAN, Commissioner of Motor
Vehicles,

*vs.*

PHILIP MILSTONE.

*Motor Vehicle Law—Registration—Bailee as Owner.*

One to whom a motor vehicle is hired for not more than two
or three days, by a written agreement giving him exclusive con-
trol for the period of hiring, unless this is sooner terminated by
the one from whom it is hired, is not the owner, for the pur-
poses of registration, titling, etc., within Code, art. 56, sec. 134,
providing that the term "owner" shall include any person owing
a motor vehicle or having the exclusive use thereof under con-
tract of purchase, lease, hiring or rental thereof or otherwise.
pp. 232, 233

In the provision of the Motor Vehicle Law (Code, art. 56,
secs. 133-161) that "the Commissioner of Motor Vehicles shall
have authority in disputed cases to determine the extent of the
applicability of the definitions herein contained," the word "dis-
puted" means no more than "doubtful," since a different con-
struction would impute to the Legislature an intention to give
an arbitrary discretion to the official. p. 233

*Decided December 4th, 1923.*

Appeal from Circuit Court No. 2 of Baltimore City
(Duke Bond, J.).

Bill by Philip Milstone, trading as "Drive It Yourself
Company," against E. Austin Baughman, Commissioner of
Motor Vehicles. From a decree for plaintiff, defendant ap-
peals. Affirmed.

The cause was argued before Boyd, C. J., Thomas, Patti-
son, Urner, Stockbridge, Adkins, and Offutt, JJ.

*Allan H. Fisher, Assistant Attorney General,* with whom was *Alexander Armstrong, Attorney General,* on the brief, for the appellant.

*Ogle Marbury,* with whom were *Marbury & Perlman* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from an order of Circuit Court No. 2 of Baltimore City, overruling a demurrer to the bill of complaint of appellee and making permanent the preliminary injunction previously granted, appellant having declined to answer.

The averments of the bill of complaint were:

"First.    That he is engaged in the business of *selling the use of motor vehicles* to reputable persons duly licensed to drive the same, and that on or about the 17th day of January, 1923, for the purpose of engaging in such business in the City of Baltimore, State of Maryland, he leased the premises known as Nos. 1723-1725 North Charles Street, in the City of Baltimore, State of Maryland, for a period of five years, at and for the rental of fifty-four hundred and twenty dollars ($5420.00) per year, all of which will more fully appear by reference to the lease of said premises from Wm. J. Myers, Inc., et al., to your orator attached hereto marked Complainant's Exhibit 'A' and prayed to be taken as part hereof.

"Second.    That in preparation for the conduct of his business in the City of Baltimore, your orator assembled at the aforesaid premises, and now has there eleven pneumatic tired motor vehicles of the character and kind known as touring cars and sedans, and has ordered and made a cash deposit for fifteen additional similar motor vehicles to be used here for the same purpose, deliveries of which are expected within a short time.    That all of said eleven motor vehicles on hand at your orator's place of business have been properly

registered at the office of the Commissioner of Motor
Vehicles, and license tags, registration cards and titles
have been issued for same in your orator's trade name,
'Drive It Yourself Company,' as owner, all of which is
well known to the said E. Austin Baughman, who is
the Commissioner of Motor Vehicles of the State of
Maryland, his deputies, assistants, agents and em-
ployes. That in anticipation of carrying on his said
business your orator engaged, and has in his employ at
high wages, two additional employes expert in this
business.

"Third. That your orator opened his aforesaid
place of business and *began selling the use* of his said
motor vehicles on January 22, 1923. That every per-
son desiring to use one of your orator's motor vehicles
is required to fill out and sign in his own handwriting
a card giving your orator information, among other
things, as to his full name, home address, the number
of his operator's license, his place of employment, ref-
erences, and other matters essential to his identification
as a proper person to be allowed the use of one of your
orator's motor vehicles. In addition, every such ap-
plicant is required to exhibit to your orator, or his rep-
resentatives, the license carried by such person entitl-
ing him to operate a motor vehicle within the State of
Maryland. A sample of the identification card re-
quired to be filled out as described above is filed here-
with marked Complainant's Exhibit 'B' and prayed to
be taken as part hereof.

"Fourth. That every person desiring to use one of
your orator's motor vehicles is *required to enter into
a written agreement* under which a charge is made by
your orator of twelve cents (12c) per mile in the case
of certain kinds of motor vehicles and eighteen cents
(18c) per mile in the case of other kinds of motor
vehicles for each mile that said motor vehicles, or any
of them, are used. A deposit of fifteen dollars ($15)
or twenty-five dollars ($25), depending on the make of

the motor vehicle to be used, is required from each person entering into a contract for the use of same as a guarantee against loss by damage to the motor vehicle while in possession of the person who contracts for the use of the same. A sample of the form of agreement referred to above is filed herewith marked Complainant's Exhibit 'C' and prayed to be taken as a part hereof.

"Fifth. That your orator had been in the business described herein for a period of two days when he was notified by E. Austin Baughman, Commissioner of Motor Vehicles, the defendant, and by deputies representing said Commissioner of Motor Vehicles, that a business of the nature and character conducted by your orator was not, in their opinion, permitted under the Motor Vehicle Laws of the State of Maryland, and that the defendant, under the duty imposed upon him by Section 136 of Article 56 of the Annotated Code of Maryland, title 'Licenses,' sub-title 'Motor Vehicles,' intended to exercise every effort to prevent the carrying on of such business, and to enforce what the defendant conceived to be the Motor Vehicle Law of the State, and to that end advised your orator that a continuance of the aforesaid business would result in your orator's arrest and in the arrest of each and every person found by the defendant, his deputies, assistants, agents and employes, engaged in operating one of your orator's cars under agreements such as have been above referred to.

"Sixth. That your orator has been engaged in the same business as described herein for a period of three years in the City of Washington, District of Columbia, and that other individuals, firms and corporations are engaged in the same or similar businesses in almost all of the large cities in the United States. Your orator has complied with all of the provisions of the law relating to the proper registration and titling of motor vehicles, and has offered to comply with any additional rules or regulations or classifications to which the de-

fendant may believe he can be properly subjected, but the defendant has declined to allow your orator to continue to conduct his business, except under provisions of law which are manifestly not applicable to your orator's business, and with which it is impossible to comply. The defendant has advised your orator that under the provisions of Section 134 of Article 56 of the Annotated Code of Maryland, title 'Licenses,' sub-title 'Motor Vehicles,' every person who pays your orator for the use of a motor vehicle must be regarded for the purpose of the Motor Vehicle Laws as the owner of such motor vehicle; and that such person, therefore, is required to obtain a new set of registration tags or markers, a new registration certificate, and also to have the title of such motor vehicle transferred to the name of such person under the provisions of Section 157 of Article 56 of the Annotated Code of Maryland, title 'Licenses,' sub-title 'Motor Vehicle.' "

"In practically every case in which a motor vehicle owned by your orator is used in accordance with the agreement above referred to the use extends only for a period of four or five hours and, at the most, one day. In rare instances motor vehicles are allowed to be used for two or three days and never for a period as long as a week. The attempt made by the defendant to require each person desiring to use a motor vehicle for a period of a few hours to surrender the license tags or markers now attached to your orator's motor vehicles and to purchase new tags, thus paying double for a portion of a quarterly period of use under the Motor Vehicle Laws; and to require the transfer to such person of a certificate of title, with the payment of the consequent fee, is necessarily prohibitive of the business in which your orator is engaged and is not justified by any provision of the Motor Vehicle Laws of the State. That your orator is advised and, therefore, alleges, that he is entitled by law to conduct his business in the manner in which he has heretofore conducted

the same as outlined above, and that the requirements of the defendant are unlawful and unwarranted.

"Seventh. That on account of the action of the defendant here, his deputies, assistants, agents and employes, and their threats to arrest your orator, and to arrest each and every person who contracts for the use of the motor vehicles owned by your orator, it has been impossible for your orator to continue to do business, as no one can be expected to contract with him under threat of arrest; and it has, therefore, become necessary for your orator to close his place of business pending the determination of your orator's right to do business as aforesaid. That your orator's property in the aforesaid lease and the aforesaid motor vehicles is lying idle and unremunerative and his rights therein are being seriously and irreparably damaged. That if the defendant is not restrained from ordering the arrest of your orator, and of all persons who may use his motor vehicles under the agreement above referred to, your orator's business will be destroyed and rendered worthless and a multiplicity of criminal proceedings, not only against your orator, but against a number of other persons over whom he has no control, will result.

"Eighth. That your orator has no adequate remedy at law against the threatened action of the defendant, his deputies, assistants, agents and employes, since your orator's arrest, and the arrest of each and every one of his customers, will impair his standing in the community and ruin his opportunities for conducting his business in the City of Baltimore, and will compel each of the parties arrested to defend themselves in each of the criminal proceedings which the defendant has threatened to institute. That your orator is being deprived of the use of his property and the opportunity of conducting a lawful business therewith, and of making a livelihood therefrom, and that he is entitled to the interposition of a court of equity by the writ of injunction to prevent such interference."

The prayer of the bill was that complainant's right to conduct his business as aforesaid be established and that the defendant and all persons acting under him be restrained by injunction from interfering with the complainant, his representatives or employees in the conduct of his business, so long as he shall conduct the same in the name set out in the bill of complaint.

Perhaps the most satisfactory as well as the most concise way to state the position of appellant is to set out the demurrer in full. It is as follows:

"The defendant, E. Austin Baughman, files herewith his demurrer to the bill of complaint heretofore filed against him.

"1. And the said E. Austin Baughman demurs to said bill of complaint and each paragraph thereof and for cause of demurrer shows:

"(a) That no facts are alleged which entitle the defendant to any relief in equity.

"(b) That in accordance with the Motor Vehicle Law of Maryland, Section 134, any person, association or corporation having the exclusive use of an automobile under contract is the owner thereof within the meaning of the sub-title 'Motor Vehicles.' That in accordance with Section 142 upon the transfer of ownership of any motor vehicle, its certificate of registration and the plates and/or markers aforesaid shall expire, and the registration markers shall be removed at the time of transfer or possession unless said owner shall give the purchaser written permission to use said markers for a period of five days. That after said five days have expired, it shall be the duty of the *purchaser* to remove said markers promptly and return them either to the original owner of the motor vehicle or the Commissioner of Motor Vehicles, and it shall be unlawful for the purchaser or any person other than the person to whom such markers were originally issued to have the same in his possession after the expiration of such five days whether in use or not, provided, however, that

in the case of a transfer of ownership, the original owner may register another vehicle under the same number upon the payment of a fee of $1.00, etc., etc. The contemplated business and methods set out in said bill of complaint are in direct violation of the sections of the motor vehicle law above set forth. That Section 157 of the Motor Vehicle Law provides that in the event of the sale or transfer of ownership of a motor vehicle to which an original certificate of title has been issued as aforesaid, the original holder of such certificate shall endorse on the back, etc., etc., and deliver the same to the purchaser or transferee at the time of the delivery to him of such motor vehicle. The purchaser or transferee shall then present such certificate assigned as aforesaid to the Commissioner of Motor Vehicles, etc., etc. That the contemplated conduct of business is in direct violation of said Section 157 of said Motor Vehicle Law, and is an attempt to avoid the payment of the fee set out in said section. That as the method of business set out in said bill of complaint is unlawful, the plaintiff is not entitled to relief in equity."

With the bill of complaint was filed as an exhibit the form of receipt taken by appellee on hiring cars, which is as follows:

"Drive It Yourself Co.,
1725 North Charles Street,
Baltimore, Md.

"Received in good order from the Drive It Yourself Co., herein referred to as the lessor, one automobile described hereon, which I agree to return in the same good order except for ordinary wear. I agree to pay for the use of said automobile at the rate indicated herein with mark V.

"Should the said automobile become damaged while in my possession or should any accident occur in which said automobile is involved, I agree to assume full responsibility for all personal damage; and I further

agree to assume full responsibility for any legal action that may be instituted as a result of the use of said automobile under this agreement; and I further agree to surrender said automobile to the Drive It Yourself Co., or its accredited representatives, upon demand.

"I hereby authorize the Drive It Yourself Co. to apply the deposit left with said company by me in compensation for the use of said automobile, and the balance, if any, in payment of any damage to said automobile, whether said damage occurred or was caused by my negligence or otherwise while said car is in my possession; and it is further understood that this agreement releases me from any obligation further than the amount deposited only as to payment for damage done to said automobile; it is also understood that the lease is protected above the deposit in case of fire or theft of said automobile or any part thereof.

"It is distinctly understood and agreed that during the term of this lease, the automobile herein leased shall not be used for the transportation of intoxicating liquors, drugs or narcotics, and shall not be used in violation of any United States, State or municipal statute, law or ordinance. Any violation of this provision, or any provision specifically contained herein or necessarily implied therefrom shall forthwith terminate this lease and any or all rights of the lessee in or to said automobile or the possession thereof shall forthwith terminate and without notice or necessary force so to do, and any and all rights of the lessee, in or to said automobile or the possession thereof shall thereupon be immediately forfeited and lessor shall be and become the sole owner of the same and each and every part thereof and right and interest therein and shall be alone and solely entitled to the possession thereof, and all payments previously made by the lessee shall be retained for depreciation in value and for the use of said automobile, and the lessee hereby waives all rights to the moneys so paid and all rights against the lessor for taking possession of said automobile.

"It is also understood and represented that the lessee has complied with .all provisions of law relative to a license or permit to operate said automobile in such jurisdiction as said automobile may be properly operated under the laws and regulations of said jurisdiction and the terms hereof.

"I also agree not to sublet or re-rent this automobile.

"Tag No. ...........

           "No. .........................

           "Date. .......................

           "Deposit. ....................

"This agreement is performed in the City of Baltimore, State of Maryland, and the use of this automobile is limited and restricted to said City unless permission is otherwise granted and noted hereon by the Drive It Yourself Company. I agree to return the within-described automobile on or before ...........

M., ..........................92....."

It will be seen that in the bill of complaint the business of appellee is described as that of "selling the use of motor vehicles"; while in the form of receipt the language used indicates a leasing.

But it is the substance and not the form with which we are here concerned. The transaction, as appears from the whole case, is really a hiring, in which the user of the car has possession and control of the car for a brief period. According to the averment of the bill, "in practically every case * * * this use extends only for a period of four or five hours and, at the most, one day. In rare instances motor vehicles are delivered to be used for two or three days and never for a period as long as a week." The said control however is by the terms of the agreement liable to be terminated at any time by the appellee. The question to be decided is: When a motor vehicle is hired under a written agreement which gives the party in temporary possession exclusive control of the motor vehicle for a short period of time, not exceeding two or three days, but co-extensive with the period of hiring

(unless the use be sooner terminated by the true owner) is the person to whom the vehicle is hired the *owner* for the purposes of registration, titling, etc., under the provisions of the Code, art. 56, section 134, *et seq.*? Our answer to that is, No.

In *Berry on Automobiles* (3rd ed.), section 255, cited by appellant, it is said: "A statute requiring the 'owner or custodian' of an automobile to register the same within a certain number of days after 'acquiring' it, has reference to persons having an independent and permanent interest in an automobile, and does not include a servant or a person having only temporary control thereof." It is a cardinal principle, that statutes must be construed reasonably and with reference to the purposes sought to be accomplished by them.

Section 134 of article 56 of the Code defines "owner" as follows: "The term 'owner' shall include any person, firm, association or corporation owning a motor vehicle or having the exclusive use thereof under contract of purchase, lease, hiring or rental thereof or otherwise."

To hold that the Legislature meant to include in this definition a person hiring an automobile for a few hours or days, would impute to it an intention to prohibit the use of such a vehicle by any one whose possession was to continue for only such a short time, for obviously it would be impracticable, or at least unreasonable, to require registration or titling by such a person It would, of course, equally prohibit the business of owning automobiles for hire.

If such had been the intention of the Legislature it is natural to suppose that it would have expressly made unlawful the business of hiring motor vehicles.

In our opinion the further provision in section 134, that "the Commissioner of Motor Vehicles shall have authority in *disputed* cases to determine the extent of the applicability of the definitions herein contained" was not intended to apply to a case such as this; for it cannot be assumed that the word "disputed" was intended as here used to mean anything

more than "doubtful," otherwise we would be imputing to the Legislature an intention to give the official an arbitrary discretion. *Goldsworthy* v. *Public Service Commission,* 141 Md. p. 682.

We have examined carefully the authorities cited by appellant and find in none of them anything in conflict with the views above expressed. They deal with entirely different states of fact. The true principle in all of them is that statutes must be so construed as to give effect to the manifest intention of legislators in view of the purposes sought to be accomplished.

Having indicated our view as to the proper construction of the statute involved, which does not support the contention of appellant, it will be unnecessary to discuss the question raised by appellee as to their validity, if they had to be construed in accordance with appellant's interpretation.

*Decree affirmed, with costs to appellee.*