**MARYLAND JOCKEY CLUB OF BALTIMORE CITY, a Maryland Corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8323.**

United States Court of Appeals Fourth Circuit.

Argued June 16, 1961.

Decided June 19, 1961.

Stanley H. Wilen and Jacob Kartman, Baltimore, Md. (Burke, Gerber & Wilen, Baltimore, Md., on brief), for appellant.

John A. Bailey, Attorney, Department of Justice, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., and Joseph D. Tydings, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before SOPER, HAYNSWORTH, and BOREMAN, Circuit Judges.

PER CURIAM.

The question is whether certain receipts from the Maryland Racing Commission, paid out of its "Racing Fund" were taxable income to the taxpayer or capital contributions not subject to federal income tax. A similar question involving disbursements to the same taxpayer by the Maryland Racing Commission under an earlier statute of that state was determined by this Court in United States v. Maryland Jockey Club, 4 Cir., 210 F.2d 367, in which it was held that the receipts were a return to the taxpayer of moneys in which it had an equitable interest and which had been generated by its own business. It was held that they were not grants in substance, and that they were subject to federal income tax.

In 1951, Maryland repealed her old statute and enacted a new one in which the payments by the race tracks into the fund were denominated a "tax" and subsequent disbursements out of the

**470**

Racing Fund to the tracks for capital improvements were termed "grants."

The former decision of this Court arose under a 1947 act, the present one under the 1951 statute, Code 1951, art. 78B, § 12.

In this suit for refund, the District Court found that the payments and receipts under the new statute were substantively comparable to those under the old. The changes, he concluded, were insufficient to warrant a different result.

We agree. For the reasons set forth in its opinion,[1] the judgment of the District Court is affirmed.

Affirmed.