LIES, Appellant, v. TUTTLE and another, Respondents.*

*March 7—April 2, 1963.*

---

* Motion for rehearing denied, with $25 costs, on June 4, 1963.

For the appellant there were briefs and oral argument by *Howard H. Boyle, Jr.,* of Milwaukee.

For the respondents there was a brief by *Grootemaat, Cook & Franke,* attorneys, and *Robert E. Cook* and *Francis R. Croak* of counsel, all of Milwaukee, and oral argument by *Robert E. Cook.*

FAIRCHILD, J. 1. *Imputation of negligence.* Plaintiff's theory is that Clinton's negligence is imputed to his father, Robert, because Robert signed and approved Clinton's application for his Minnesota driver's license.

No claim is made that the imputation occurs by virtue of the law of Minnesota. A Minnesota statute provides in part that a license shall not be issued "to any person under eighteen years unless the application of license is approved by the father of the applicant, if the father is living and has custody of the applicant, . . ." Under other circumstances the approval may be given by mother, guardian, or employer.[1] There is no provision expressly imputing negligence of the driver under eighteen to the one who approved his application, and it is not suggested that the courts of Minnesota would deem such imputation to be implied.

Plaintiff bases her claim solely on sec. 343.15(2) of the Wisconsin statutes, asserting that it applies generally to drivers under eighteen years of age while driving on Wisconsin highways, and to persons who may have signed the ap-

---

[1] Sec. 171.04 (1), 12A Minn. Stats. Anno., p. 482.

plications for license whether in Wisconsin or elsewhere. This subsection, which has no parallel in the Minnesota statutes, reads as follows:

"Any negligence or wilful misconduct of a person under the age of eighteen years when operating a motor vehicle upon the highways is imputed to the person who signed the application for such person's license. The person who so signed is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct."

A nonresident who is at least sixteen years of age may operate a car in Wisconsin without a Wisconsin license if he has in his possession a valid license issued in his home jurisdiction.[2] Plaintiff argues that if a nonresident under eighteen is operating a car in Wisconsin under a foreign license, and if someone signed his application for that license, negligence is imputed to the signer by sec. 343.15 (2), Wis. Stats., whether or not such imputation would arise under the law of the foreign state.

We think it quite clear that the construction which plaintiff advocates would be incorrect. Sub. (2) is a part of sec. 343.15, Wis. Stats., entitled, "Application of minors; liability of sponsors; release from liability." It is one of a series of sections under the heading, "Issuance, Expiration, and Renewal of Licenses." Sub. (1) requires that the application of any person under eighteen years shall be signed by the father, mother, guardian, or employer, depending upon specified circumstances. Sub. (2) follows. Sub. (3) provides for cancellation of the license at the request of the sponsor, and relief of the sponsor "from the liability which otherwise would be imposed under sub. (2) by reason of his having signed such application." Sub. (4) permits certain exemptions from the requirements of sub. (1) where, among other things, the applicant has certain insurance coverage.

---

[2] Sec. 343.05 (2) (c), Wis. Stats.

We deem it clear that the application referred to in sec. 343.15 (2), Wis. Stats., is an application for a Wisconsin license under sub. (1). We note, but need not consider questions which might be raised on constitutional grounds if the signer in another state had assumed no potential liability under the law of that state, but became subject thereto when the licensee operated a car within Wisconsin.

It follows that no cause of action was stated and the demurrer was properly sustained.

2. *Want of jurisdiction over the person.* Plaintiff's contention that jurisdiction over Robert Tuttle was acquired by service on the commissioner of the motor vehicle department of Wisconsin falls with her contention as to imputation of negligence. The propriety of that mode of service on Robert Tuttle depends upon his use and operation of a motor vehicle over the highways of Wisconsin.[3] Plaintiff's theory appears to be that a sponsor to whom negligence occurring in Wisconsin is imputed would be deemed to be operating or using the vehicle in this state. We need not decide the correctness of this theory, since Robert Tuttle is not a sponsor to whom Clinton's negligence would be imputed. The dismissal for want of jurisdiction over Robert, personally, was proper.

3. *Allowance of actual costs to Robert.* Sec. 262.20 (1), Wis. Stats., provides:

"If on objection of any defendant made pursuant to sec. 262.16 the action is dismissed as to that defendant on the ground that the court lacks jurisdiction over his person, the court when entering judgment dismissing the action against the defendant may order the plaintiff to pay to the defendant all reasonable actual costs, disbursements, and expenses of the action up to the judgment of dismissal, but the amount so recovered can in no case exceed the sum of $500."

Robert offered proof that his actual expenses were in excess of $500, and sought an allowance of that amount. The

---

[3] Sec. 345.09 (1), Wis. Stats.

circuit court denied the request and allowed only $10 motion costs.

Professor G. W. Foster, Jr., of the University of Wisconsin Law School, served as reporter for the judicial council in the preparation of revised ch. 262, Wis. Stats., effective July 1, 1960. His note to sec. 262.20, appearing in 30 W.S.A., p. 53 (1963 pocket part), and 32 Wisconsin Bar Bulletin (October, 1959 Supp.), p. 47, is as follows:

"This section is new. Its purpose is primarily that of a deterrent against abuse of the state's judicial power. The power of the trial court to order the plaintiff to pay, up to a sum of $500, the total expense to the defendant of appearing and obtaining the order dismissing the action for want of jurisdiction is discretionary. At the discretion of the court, too, is the matter of ordering recovery of statutory costs for a party who successfully obtains an order staying further proceedings under sec. 262.19. This degree of flexibility should deter the assertion of frivolous jurisdiction claims and permit the trial courts to do substantial justice by taking into account such factors as the good faith of the plaintiff's jurisdictional claim."

The circuit court made reference to this note and indicated that a finding that plaintiff's action was frivolous would be unwarranted. Although a plaintiff's good faith or lack of it may not be the only matter a court may consider in exercising discretion under sec. 262.20, Stats., it is a proper consideration. We cannot say that the denial of costs under that section was an abuse of discretion, particularly since defendant Robert Tuttle appeared by the same counsel as defendant insurance company, and Robert's motion to dismiss involved the same fundamental legal question as the company's demurrer.

*By the Court.*—Order and judgment affirmed.

WILKIE, J., took no part.