Marvin P. **TSOY**, a minor by his father and next friend, Paul Tsoy, and Paul Tsoy, individually

v.

Larry **MacFARLAND** and Flossie MacFarland.

Civ. A. No. 14172.

United States District Court
D. Maryland.

June 26, 1963.

Claude B. Kahn and Harvey Rosenberg, Rockville, Md., for plaintiffs.

Albert Ginsberg and Robert A. Fields, Silver Spring, Md., and Edward C. Bell, Hyattsville, Md., for defendants.

NORTHROP, District Judge.

In the above entitled suit, Marvin P. Tsoy, a minor, by his father, Paul Tsoy,

and Paul Tsoy, individually, recovered a judgment against Larry MacFarland, a minor, and his mother, Flossie MacFarland. The suit arose out of an automobile collision occurring on August 25, 1962, in which Marvin P. Tsoy was a passenger in an automobile driven by Larry MacFarland.

At the time of the trial no evidence of agency between Larry MacFarland and his father, M. H. MacFarland, who was originally named as a defendant, was found to exist, nor was M. H. MacFarland in any way responsible in allowing Larry to use the automobile which was registered in the father's name. It had been erroneously stated by the defendants that M. H. MacFarland had signed Larry's application for a driver's permit in the District of Columbia.

On a motion of all the parties, after discovering that Flossie MacFarland, the boy's mother, had signed the application, the claim against the father, M. H. MacFarland, as a party defendant, was dismissed and Flossie MacFarland substituted pursuant to Rule 21 of the Federal Rules of Civil Procedure.

Flossie MacFarland moves the court to set aside the verdict and judgment entered thereon and direct a verdict in her favor, or, in the alternative, grant a new trial. The grounds set forth are

1.  There was no substantial and competent evidence to justify a verdict against the defendant, Flossie MacFarland;

2.  The federal court sitting in Maryland had no jurisdiction over a non-resident under the circumstances of this case; and

3.  The Maryland statute which imputes negligence to the parent or guardian who signs a minor's application for a driver's license does not, under the facts presented here, impute negligence to Mrs. MacFarland.

The court finds that there was no evidence which could justify holding Mrs. MacFarland liable on the theories of either vicarious liability or primary negligence. If she is to be held jointly and severally liable, her son's negligence must be imputed to her by virtue of the fact that she signed his application for a District of Columbia driver's license.

Pursuant to authority given by Section 40-301, District of Columbia Code, the Director of Motor Vehicles for the District has promulgated certain regulations and procedures which must be followed before a minor under the age of eighteen can get a D. C. operator's license. The minor under eighteen, by these regulations, must submit a statement in writing signed by one of his parents or a guardian consenting to the issuance of an operator's permit to the minor. District of Columbia Rules of the Road, Part I, Article XIX, Section 157. The Maryland statute in controversy is Article 66½, Section 93(b):

"Imputation of negligence.—Any negligence of a minor under the age of twenty-one (21) years when driving a motor vehicle upon a highway in this State shall be imputed to the person who has signed the application of such minor for a permit or license, and that person shall be jointly and severally liable with such minor for any damages caused by such negligence   *   *   * ".

It is well established that the law of the place of the actionable wrong, here Maryland, must govern the disposition of this matter. Accinanto, Ltd. v. Cosmopolitan Shipping Co., 100 F.Supp. 826 (D.Md.1951). The question of whether Flossie MacFarland has in accordance with the Maryland statute assumed liability by signing her son's District of Columbia driver's application is one to be answered after viewing the Maryland statute and the Maryland decisions dealing with statutory construction.

Article 66½, Section 93(b) must be interpreted to determine if it reaches to a non-resident parent or guardian who signs a minor's application for an operator's license outside of Maryland. This matter has not been decided by any other Maryland authorities we have seen.

In Herr v. Holohan, 131 F.Supp. 777 (D. Md.1955), Chief Judge Thomsen gave a literal interpretation to another question of construction arising from Article 66½, Section 93(b) by holding that the provision applied only to accidents occurring in Maryland.

■ The primary purpose in construing and interpreting a statute is to carry out the true intention of the law, particularly the intent which motivated the Legislature to enact the law. Maryland Jockey Club of Baltimore City v. United States, 189 F.Supp. 70 (D.Md.1961), aff'd 4 Cir., 292 F.2d 469; Height v. State, 225 Md. 251, 170 A.2d 212 (1961); Casey Dev. Corp. v. Montgomery County, 212 Md. 138, 129 A.2d 63 (1957); McKeon v. State, to Use of Conrad, 211 Md. 437, 127 A.2d C35 (1956); Welsh v. Kuntz, 196 Md. 86, 75 A.2d 343 (1950); Powell v. State, 179 Md. 399, 18 A.2d 587 (1941); Baltimore v. Perrin, 178 Md. 101, 12 A.2d 261 (1940); Williar v. Baltimore, etc., Loan Assoc., 45 Md. 546 (1877); Annapolis v. State, 30 Md. 112 (1869).

■ In construing a statute to ascertain the intention of the Legislature, the courts should consider the object or purpose to be attained by the statute. Tyrie v. Baltimore County, 215 Md. 135, 137 A.2d 156 (1957). The statute must be interpreted reasonably, and with reference to the purposes it is to accomplish. Baughman v. Milstone, 144 Md. 223, 125 A. 69 (1923); Green v. State, 59 Md. 123 (1882). And it is said that a statute susceptible of more than one construction should be given the construction which will effectuate or carry out its purpose. Germenko v. Pub. Service Comm., 226 Md. 295, 173 A.2d 362 (1961); Height v. State, supra; Dept. of Tide. Fisheries v. Sollers, 201 Md. 603, 95 A.2d 306 (1953); Smith v. Higinbothom, 187 Md. 115, 48 A.2d 754 (1946); Powell v. State, supra, but it should not be given a construction which would extend beyond the legislative purpose. Pennsylvania R. Co. v. Lord, 159 Md. 518, 151 A. 400 (1930); First Mortg.

Bond Homestead Ass'n v. Baker, 157 Md. 309, 145 A. 876 (1929). Where the language of the statute is unclear and the intent of the Legislature is doubtful, the court should consider the consequences of any interpretation it gives and should adopt a construction which leads to a just result. Germenko, supra; Height, supra; Schmeizl v. Schmeizl, 186 Md. 371, 46 A.2d 619 (1946); Kolb v. Burkhardt, 148 Md. 539, 129 A. 670 (1925).

■ The court should consider the context in which the words of the statute were used, Pressman v. Barnes, 209 Md. 544, 121 A.2d 816 (1956), and should view all the pertinent parts, provisions or sections of the statute to assure a construction which is consistent with the entire statute. Height, supra; Thomas v. Police Commissioner, 211 Md. 357, 127 A.2d 625 (1956); Maguire v. State, 192 Md. 615, 65 A.2d 299 (1949).

■ Finally, the Maryland courts present the admonition that a strict construction must be given to those statutes which are in derogation of the common law. Stoll v. Baltimore, 163 Md. 282, 162 A. 267 (1932); Baltimore City v. Harvey, 118 Md. 275, 84 A. 487 (1912).

■ We feel that the Legislature intended by its enactment of Article 66½, Section 93, to make parental consent a condition precedent to a minor's obtaining a Maryland driver's permit. Public safety requires that the utmost care be taken in dispensing drivers' licenses. Just as it would be undesirable to permit one with a physical infirmity to operate a motor vehicle if that infirmity affected one's ability to operate a motor vehicle, so it would be legislative irresponsibility to allow a youth whose responsibility had not been vouched for to drive. Maryland requires that someone, a parent or guardian, attest to the youth's responsibility by signing his application. The provision concerning joint and several liability for the signer is included to insure that no parent or guardian will take lightly his duty of attesting to the age and dependability of the minor.

■ Article 66½, Section 93, is not a statute which has for its primary purpose the creation of substantive rights and liabilities. The fact that it may produce substantive results by imputing negligence to a signing parent, or guardian, is only ancillary to its being another requirement for a youth in his efforts to obtain a Maryland license. This is substantiated by the fact that the sections which surround Section 93 of Article 66½ deal with licensing requirements, and not the creation of the rights and liabilities of the principals involved in an automobile accident in Maryland.

■ Furthermore, it would not be just to give the statute an interpretation which would make a non-resident parent culpable for signing an application for an operator's license in another jurisdiction when the application signed made no mention of the signer being jointly liable for accidents caused by the minor's negligent driving. If the Maryland Legislature intended such a result, the statute would have been incorporated as a substantive provision within Section 115 of Article 66½ which deals with Civil Liability as concerns motorists, and more specifically, as it concerns non-resident motorists. To say Section 93(b) applied to a non-resident parent who merely signed his or her consent to an application which made no mention of liability would be to stretch beyond reason the objectives of the Maryland lawmakers. In addition, to say that the District of Columbia provision which requires the parent to sign the application was an implied consent to joint and several liability is not an interpretation of the District of Columbia provision which can be made. The admonition by the Maryland cases for a strict statutory construction is relevant. Imputation of negligence was unknown to the common law, and a statute creating liability on that basis must be construed strictly. A strict construction would limit the statute to one which is procedural and one which concerns itself with a further condition necessary for a minor to secure his Maryland license to drive. As a result,

only those who sign a minor's application for a Maryland driver's permit should come within the statute.

The defendant, Flossie MacFarland, brings to our attention the case of Lies v. Tuttle, 120 N.W.2d 719 (Wis.1963). While this case represents no binding precedent since it is not a Maryland case and since it cites no authority for its findings, it is factually on point and of interest. There a Minnesota resident signed an application for his son's Minnesota driver's license. This application was similar to the D.C. application, which made no mention of liability. The youth received his license and got involved in an automobile accident in Wisconsin. The Supreme Court of Wisconsin in construing its statute, which is similar to Maryland's Article 66½, Section 93(b), refused to impute negligence to the non-resident parent. It rejected any such theory either on the basis of an interpretation of its statute or Minnesota's statute.

We feel that Section 93(b) cannot in any way impute the negligence of Larry MacFarland in his operation of his father's automobile to his mother. It is not necessary to consider whether Maryland's law would make the signer liable for the willful negligence which may have caused the accident here. Cf. Rawlins v. Lory, 44 Cal.App.2d 20, 111 P.2d 973 (1941); Gimenez v. Rissen, 12 Cal. App.2d 152, 55 P.2d 292 (1936). In addition, it is not necessary to consider the allegation of lack of jurisdiction which the defendant raises.

■ While we do not favor reversing the jury's judgment pursuant to a charge given it by the court, especially when the parties have agreed during the course of the trial to the position that they would take on the matter in question, we feel justice and a re-appraisal of the Maryland law requires the court to reverse the judgment and verdict against the defendant, Flossie MacFarland.

Counsel for the defendant will prepare an order in conformity with this opinion.