## RODDA, ETC., ET AL. *v.* NATIONWIDE MUTUAL INSURANCE COMPANY

[No. 62, September Term, 1962.]

*Decided November 9, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Everett L. Buckmaster* and *Samuel D. Hill,* with whom were *Buckmaster, White, Mindel & Clarke* and *J. Wilmer Johnson* on the brief, for appellants.

*M. King Hill, Jr.,* with whom were *Herbert F. Murray* and *Smith, Somerville & Case* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appellants, holders of a judgment against an insured motorist, sought unsuccessfully below to establish that the appellee, Nationwide Mutual Insurance Company (Nationwide), had a liability up to $30,000 under a policy which the company said had a maximum limit of $20,000. The appellant, Rita Lucille Rodda, had suffered personal injuries while riding in a 1950 Dodge automobile owned by Malcolm V. Burton (Malcolm) and driven by his son Bobb Burton (Bobb) with his father's

permission. She and her mother recovered judgment for $37,812.00 against Bobb and the driver of the other car, one Stallings, whose insurance carrier paid $10,000 on account of the judgment. Nationwide paid the $20,000 it said it owed, without prejudice to appellants' right to sue for the $7,812.00 remaining unpaid on the judgment, as they did below.

In 1953 Nationwide issued its standard automobile liability policy, No. 52R-144-484 (the policy) to Malcolm covering the 1950 Dodge automobile and providing maximum limits of $20,000 for each person injured in one accident. The policy contained the usual omnibus clause extending the coverage of the policy to any person who was using the described automobile with the permission of the named insured.

In 1954 Bobb, a minor, wished to obtain a motor vehicle operator's license. To do so, it was necessary for him to file proof of continuing financial responsibility with the Department of Motor Vehicles by reason of the requirements of Code (1951), Art. 66½, Sec. 92, as amended by Ch. 75 of the Laws of 1954 (Sec. 93 in the Code of 1957). Nationwide furnished this, for a premium, in the form of an endorsement numbered 359 (the endorsement), which named Bobb and which by its terms was "Attached to and forming part of Policy No. 52R-144-484," and a JR-11 form to be filed with the Commissioner of Motor Vehicles certifying that the requisite statutory insurance was in force. The endorsement was headed "Statutory Coverage for Named Minors (Maryland)" and recited it had been agreed "that such insurance as is afforded by the policy for Bodily Injury Liability * * * applies to the operation of any automobile by the minor named below * * *" in accordance with the statutory requirements, subject to specified provisions, including:

> "2. The insurance afforded by this endorsement shall be excess over any other valid and collectible insurance available to the minor named below either as an insured under a policy applicable with respect to the automobile or otherwise.
> * * *
> "5. The limits of bodily injury liability for the in-

surance afforded by this endorsement are:
>$10,000 each person
>$20,000 each accident

The limit of property damage liability for the insurance afforded by this endorsement is:
>$5,000 each accident

The above limits of liability are included in and are not in addition to any limits of liability stated elsewhere in the policy. If the limits of liability stated in the policy are in excess of the above stated limits, such insurance as is afforded by the policy with respect to such additional limits applies exclusive of the application of this endorsement."

Nationwide paid $20,000 on account of the judgment against Bobb after it and appellant had, in writing, agreed that the rights of appellant to sue for and recover the $7,812.00 remaining unpaid would be left open.

Appellants then sued Nationwide. The suit was decided on the declaration, the policy and the endorsement (filed by Nationwide in response to the appellants' demand), and Nationwide's demurrer, which Judge Harlan sustained without leave to amend.

Appellants argue that there were two separate policies and the limit under each must be paid, that provision two of the endorsement stating that the insurance thereby afforded shall be excess over "any other valid and collectible insurance available to the minor * * * under *a policy* * * * or otherwise" (emphasis supplied) makes Nationwide liable for ten thousand dollars under the endorsement in addition to twenty thousand dollars under Malcolm's policy, and finally, that if the terms of provision five of the endorsement, that "the above limits of liability are included in and are not in addition to any limits stated elsewhere in *the policy*" (emphasis supplied) conflict with those of provision two, there is an ambiguity created by Nationwide and the ambiguity must be resolved against it as the one who drafted the instrument.

Nationwide says that the phrase "the policy," whenever used in the endorsement, as it is several times, means Nationwide's

policy No. 52R-144-484 issued to Malcolm, to which the endorsement was attached as a part thereof, and the words "a policy," used in provision two mean any other policy, that so read the endorsement as a whole clearly means that its ten thousand dollar coverage is excess if there is in force another policy which is primary, but if the insurer is liable under "the policy" (No. 52R-144-484) its limits apply, and, in the words of provision five, "if the limits of liability stated in *the policy* are in excess of the above stated limits, such insurance as is afforded by *the policy* with respect to such additional limits applies exclusive of the application of this endorsement."

Judge Harlan agreed with Nationwide's construction, and we think he was right in so doing.

The endorsement was issued to enable Bobb to establish proof of financial responsibility under Code (1951), Art. 66½, Sec. 92. The limit of liability coverage for injury to one person was required to be at least ten thousand dollars. Endorsement 359 fully met the statutory requirements since it explicitly provided that such insurance as was afforded by "the policy" applied to the operation of any automobile operated by Bobb "in accordance with the provisions of Section 92 of Article 66½ of the Annotated Code of Maryland (1951 Edition) * * *." Since there was full compliance with all statutory requirements, and the rights of a third party who became injured were fully protected, the policy and the endorsement could contain any provision not in conflict with Art. 66½, or otherwise unlawful, and is to be construed as would any ordinary policy. *Citizens Co. v. Allied Co.,* 217 Md. 494, 505.

We agree with Judge Harlan that there was no conflict of any term or provision of the policy or the endorsement with statutory demands, since Bobb had at least the statutory minimum of insurance coverage under all circumstances, and that: (a) the words *the policy* as used in the insuring clause of the endorsement are words of art used to identify the existing owner's policy of which the endorsement became a part; (b) provision five clearly and plainly limits coverage under the policy and the endorsement for liability of Bobb to twenty thousand dollars because that provision in precise and explicit terms says that the limits of liability specified in the endorse-

ment are included in, and are not in addition to, any limits of liability stated elsewhere in the policy; (c) there is no conflict between provision two and provision five and no ambiguity in the endorsement because the excess coverage language in two has no application to the coverage provided by "the policy." Since the insurance afforded by the policy applied to Bobb for his liability arising out of the accident and since it applied "exclusive of the application of this endorsement," as provision five puts it, the endorsement afforded no additional insurance to Bobb, and provision two has no application; or to put it another way, provision two does not apply because its language, read as a part of the whole endorsement, undoubtedly means that the excess coverage clause applies only when Bobb is insured under *a policy* other than *the policy* and not when *the policy* protects him.

The sustaining of Nationwide's demurrer, without leave to amend, was proper.

*Judgment affirmed, with costs.*