Louis LEVENTHAL, Appellant,

v.

The PHOENIX INSURANCE COMPANY, a corporation, and A. S. Gardiner Insurance Agency, Inc., a corporation, Appellees.

No. 4348.

District of Columbia Court of Appeals.

Argued Nov. 25, 1968.

Decided March 21, 1969.

Louis Ginberg, Washington, D. C., for appellant.

Denver H. Graham, Washington, D. C., with whom Albert E. Brault, Washington, D. C., was on the brief, for appellee The Phoenix Ins. Co.

Austin F. Canfield, Jr., Washington, D. C., with whom Richard W. Galiher, Washington, D. C., was on the brief, for appellee A. S. Gardiner Ins. Agency, Inc.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

HOOD, Chief Judge:

This action was brought by appellant to recover the amount of damages done to his automobile when it, while being driven by him, struck a fence. Appellant stated his claim in two counts. In the first, he alleged that at the time of the accident he was insured against loss by collision under a contract of insurance with appellee Phoenix Insurance Co. In the second count, appellant alleged that if he was not insured at the time of the accident then Phoenix and its agent-appellee, Gardiner Insurance Agency, were liable to him for the same

amount of damages because of their breach of an agreement to renew his insurance.

On the basis of the pleadings, the interrogatories and depositions, the trial court granted summary judgment in favor of both Phoenix and Gardiner. This appeal followed.

■ The grant of summary judgment is proper only "where there is no genuine issue of a material fact concerning a dispositive issue and where the moving party is entitled to judgment as a matter of law." [1] Our question is whether the record discloses any genuine issue of fact.

The following facts appear to be undisputed. Appellant obtained his insurance of various kinds for many years through an insurance broker named Wool. Wool in turn placed most of his insurance business through Gardiner. Gardiner acted as general agent for Phoenix with policy writing and countersigning authority. In 1964, and possibly in earlier years, appellant through Wool obtained automobile insurance from Phoenix through Gardiner. In 1965, this insurance was renewed. Its expiration date was March 2, 1966.

In December of 1965, Gardiner informed Wool that it would no longer renew policies placed with it by Wool, but nevertheless it did continue to renew on a selected basis some of the policies. On February 7, 1966, Wool submitted to Gardiner requests for renewal of a number of policies, including appellant's policy which was due to expire on March 2. On March 14, Gardiner sent Wool written notice that appellant's policy, and certain other policies, would not be renewed. This notice was received by Wool on March 15. On that day Wool called appellant and told him the policy had not been renewed. The accident occurred on the following day, March 16.

Admitting that it did not send written notice to Wool of refusal to renew appellant's policy until March 14, Phoenix claimed to have given Wool verbal notice of refusal to renew promptly after Wool's request of February 7th. Wool denied receiving any such verbal notice. He said the first notice he received that the policy would not be renewed was the written notice received March 15. Wool further said that because he did not hear from Gardiner prior to March 2, the expiration date, he considered that the policy had been renewed; that in the District of Columbia the custom was to request renewal and unless renewal was refused before the expiration date, it could be assumed that the policy was renewed.

■ It thus appears there were at least two vital unresolved questions of fact. First, did Phoenix, acting through Gardiner, notify Wool prior to the expiration date of the policy that it would not be renewed? Second, if such notice was not given, was there an existing and binding custom that in the absence of notice not to renew, renewal was accepted? These questions of fact prevent summary judgment.

■ Another question, indirectly but not squarely raised by appellant in the trial court, deserves consideration. Appellant contends that his policy remained in force because Phoenix failed to notify the Maryland Department of Motor Vehicles that the policy would not be renewed as required by Maryland law.[2] Maryland law requires thirty days' notice of the expiration of a policy required by law as proof of financial responsibility.[3] The record does not show, nor does appellant claim, that his policy was procured as proof of financial re-

---

1. Yates v. District Credit Clothing, Inc., D.C.App., 241 A.2d 596, 598 (1968).

2. Although not clearly established by the record, it appears that appellant was a resident of Maryland, his automobile was registered in Maryland when the policy was issued, and the policy was subject to Maryland law.

3. Maryland Code 1957, art. 66½, § 142. *See also* Reserve Ins. Co. v. Duckett, 240 Md. 591, 214 A.2d 754 (1965).

sponsibility, and Section 142 has no application if the policy was not required by and issued in compliance with the Financial Responsibility Act.[4] However, Section 93(d) of the Act requires proof of a minor's financial responsibility as a condition to his obtaining a driver's license,[5] and the insurer is required to file thirty days' notice of cancellation or nonrenewal of such a policy before it can be terminated.[6] In his brief, appellant claims that on March 2, 1965 his minor son was added as an insured by an endorsement to appellant's policy. Neither the policy nor endorsement is contained in the record, but attached to appellant's brief is copy of notice by Phoenix of cancellation of its certificate of financial responsibility for the minor son. This notice was filed with the Maryland Department of Motor Vehicles on March 8, 1966, to be effective April 10, 1966.

In Erie Insurance Exchange v. Gosnell, 246 Md. 724, 230 A.2d 467 (1967), it was held that when such an endorsement is added to the policy, the policy and endorsement constitute an integrated whole and that the endorsement is not a separate and independent contract. Thus it was not the endorsement which was submitted as proof of financial responsibility but the policy with the endorsement added; and the policy being so submitted under the Financial Responsibility Act could not be cancelled except upon thirty days' notice.

We do not hold that the ruling in *Erie Insurance Exchange* is applicable to the present case, but at trial appellant should be allowed, if he is able to do so, to establish facts necessary to bring the case within the ruling.

Reversed.

4. *See generally*, Galford v. Nicholas, 224 Md. 275, 167 A.2d 783 (1961); Jones v. Mid-South Ins. Co., 358 F.2d 887, 890 (5th Cir. 1966).

5. Government Employees Ins. Co. v. Lally, 327 F.2d 568 (4th Cir. 1964).

6. Peninsula Ins. Co. v. Houser, 248 Md. 714, 238 A.2d 95 (1968); Erie Ins. Exchange v. Gosnell, 246 Md. 724, 230 A.2d 467 (1967).