The PHOENIX INSURANCE COMPANY, a corporation, Appellant,

v.

Louis LEVENTHAL, Appellee.

No. 5382.

District of Columbia Court of Appeals.

Argued Nov. 16, 1970.

Decided Feb. 5, 1971.

F. Wainwright Barnes, Washington, D. C., for appellant.

Louis Ginberg, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM.

This court earlier reversed a grant of summary judgment against Leventhal. Leventhal v. Phoenix Insurance Co., D.C. App., 251 A.2d 391 (1969). In so doing the court also directed that Leventhal be permitted by the trial court to establish facts, if he could, necessary to bring his case within the ruling of Erie Insurance Exchange v. Gosnell, 246 Md. 724, 230 A.2d 467 (1967). That case held that when an endorsement is added to an automobile insurance policy extending coverage for a minor, the policy and endorsement constitute an integrated whole and are not separate contracts. Leventhal was successful in his efforts to obtain summary judgment in the trial court and Phoenix appeals.

It is clear that the court is governed in the disposition of this case by the law of Maryland. Fowler v. A & A Co., D.C.App., 262 A.2d 344 (1970); McCrossin v. Hicks Chevrolet, Inc., D.C.App., 248 A.2d 917, 921 (1969). We hold that this case is controlled by Erie Insurance Exchange v. Gosnell, *supra*.

In that case the Maryland court interpreted the identical language found in the endorsement adding insurance coverage for the minor in this case. In light of that holding, it is of no legal significance that the owner-father was driving the automobile rather than his minor child, for the "policy, *including the endorsement as a part thereof*, shall not be cancelled or annulled except upon not less than 30 days' notice." *Id.*, 230 A.2d at 471. (Emphasis supplied.) The notice given in this case was less than that required under Maryland law. Accordingly, the judgment appealed from is

Affirmed.