FREDERICK G. LARSON ET UX. v. RICHARD
N. JOHNSON ET AL.

[No. 707, September Term, 1971.]

*Decided August 8, 1972.*

The cause was argued before MURPHY, C. J., and AN-
DERSON and CARTER, JJ.

*R. Richard Donadio* for appellants.

*Richard H. Lerch,* with whom was *Charles S. Keyes*
on the brief, for appellees.

MURPHY, C. J., delivered the opinion of the Court.

Appellant Larson was injured in an automobile accident on November 9, 1969 when the car he was driving collided with a vehicle driven by appellee John Bristow, Jr., a minor, with the permission of its owner Richard Johnson. Larson and his wife sued, among others, Johnson, Bristow, and Bristow's mother, who had signed her son's application for a driver's license and thereby agreed, by reason of the then applicable provisions of Maryland Code, Article 66½, Section 93 (b) to be "jointly and severally liable with such minor for any damages caused by * * * [his] negligence except as otherwise provided in subsection (c) of this section." Subsection (c), then in effect, provided:

> "In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in form and in amounts as required under the motor vehicle financial responsibility laws of this State, then the Department may accept the application of such minor when signed by one parent or the guardian of such minor, and while such proof is maintained such parent or guardian shall not be subject to the liability imposed under this section."

Mrs. Bristow moved for summary judgment; she claimed that her son's negligence could not be imputed to her under Section 93 (b) because after the accident proof of her son's financial responsibility, as required by subsection (c), was filed on his behalf by Johnson's insurance company on its SR-21 form by which it acknowledged that liability insurance covering young Bristow was in effect at the time of the accident. The court granted summary judgment in Mrs. Bristow's favor "on

basis of proof of financial responsibility in compliance with Section 93 (b) of Article 66½." Larson appealed, claiming that the SR-21 filing on young Bristow's behalf by Johnson's insurer did not relieve Mrs. Bristow of her liability under Section 93 (b). He maintains that neither at the time Bristow filed his application for a driver's license (September 11, 1969), nor at any time before or after the accident was there on file with the Department of Motor Vehicles any proof of financial responsibility in the form of a JR-11 insurance endorsement for young Bristow. Larson makes the additional assertion, not easily understood, that there was no "automobile policy of insurance in effect that would cover him [young Bristow] in the operation of a motor vehicle in the State of Maryland, even if there has been an automobile liability insurance policy which afforded coverage to the minor son it would have been of no significance." The thrust of Larson's contention appears to be that under the provisions of Section 93, the Legislature required, as a condition precedent to a minor obtaining a driver's license in Maryland, that an adult (parent or guardian) join in the signing of the minor's application and be held personally responsible for the minor's negligent operation of a motor vehicle and that "relief of responsibility of the adult signer can only be achieved by the filing of financial responsibility and a financial responsibility certificate, commonly known as the JR-11, and the maintaining of said filing with the Commissioner of Motor Vehicles until said time as the minor reaches the age of twenty-one."

Prior to July 1, 1968, filing proof of financial responsibility was a condition precedent to the granting of a driver's license to a minor. *Peninsula Insurance v. Houser,* 248 Md. 714, 721. Subsection (d) of Section 93 provided that a minor's application for a driver's license "shall be accompanied by such proof of financial responsibility as is required under the provisions of Section 122 of this Article." [1] Subsection (e) provided that

---

1. Section 122 (a), then in effect, provided in pertinent part that

such proof of financial responsibility "shall remain continuous and in effect until such minor licensee shall become twenty-one (21) years of age," the sanction for non-compliance being suspension of the minor's license until proof of financial responsibility was renewed. By Chapter 691 of the Acts of 1968, effective July 1, 1968, subsections (d) and (e) were expressly repealed so that, as the law presently stands, (Article 66½, Section 6-107) there is no longer a specific statutory provision requiring that proof of financial responsibility in accordance with the provisions of Section 122 accompany the minor's application for a driver's license.

*Mills v. Judd,* 256 Md. 144, relied upon by appellants, holds that the insurance endorsement, commonly designated as "Statutory Coverage for Named Minors," and usually referred to as the JR-11 endorsement, "is necessary if the parent, guardian, or other responsible adult who signed the minor's application for a driver's license is to be free from the imputation of negligence of the minor" imposed under Section 93. But that case was decided under the law in effect prior to the 1968 amendment repealing subsections (d) and (e) of Section 93. We think it clear beyond any question that the legislative purpose in repealing those subsections was to dispense with the former requirement that a JR-11 accompany the minor's application for a driver's license and that it constitute a condition precedent to relieving the parent or guardian, or other person signing the minor's application, from the liability imposed by Section 93 (c).

---

within ninety days after receipt of a report of an accident the operator's license would be suspended unless there was deposited by the vehicle's owner or operator "security in a sum which shall be sufficient in the judgment of the Department [of Motor Vehicles] to satisfy any judgment * * * for damages resulting from such accident as may be recovered against such operator or owner, and unless such operator or owner, or both, has previously given or shall immediately give and thereafter maintain, for a period of three (3) years, proof of financial responsibility * * *." Subsection (b) provided that the provisions of subsection (a) would not be applicable in specified cases where the operator or owner was covered by liability insurance. Subsection (c) provided that, to be effective, such policies of liability insurance under subsection (b) must meet designated minimum limits, as therein specified.

We thus agree with the lower court in its determination that the SR-21 filing by Johnson's insurer on young Bristow's behalf satisfied the requirements of Section 93(c) and, consequently, no liability for her son's negligence could be imputed to Mrs. Bristow under that subsection's provisions. In so concluding, we note that in view of the repeal of subsection (d), and its specific provision that the requisite proof of financial responsibility be in accordance with Section 122, the proof of financial responsibility now required is, in the words of subsection (c), such proof "in form and in amounts as required under the motor vehicle financial responsibility laws of this State." Where a policy of insurance is offered as proof of financial responsibility, we think the provisions of Section 131 control the determination whether the policy satisfies the "financial responsibility laws" within the contemplation of Section 93 (c). See *Travelers Corporation v. Kaminski,* 304 F. Supp. 481 (D.C. Md.). Section 131, entitled "Policy of Insurance as Proof of Financial Responsibility," outlines in detail the substantive provisions which must be contained in insurance policies (including minimum limits) to be acceptable to the Department of Motor Vehicles as proof of financial responsibility; included among such provisions, and relevant to the present case, is the requirement of subsection (a)-(3) that such policies extend to insure any person using the motor vehicle described in the policy when such use is with the permission of the insured.

By subjecting a person who signs a minor's application for a driver's license to liability for the minor's negligence, unless the requisite measure of financial responsibility is demonstrated, the Legislature undoubtedly intended to stimulate both the acquisition of insurance coverage for minor drivers and motivate closer adult supervision over the minor's driving habits. But primarily the motor vehicle financial responsibility laws are intended for the protection of the public, *Kelsay v. State Farm Insurance,* 242 Md. 528, and, as heretofore indicated, we conclude from Section 93 (c), read in light of

the express repeal of subsections (d) and (e), that no requirement presently exists that evidence of insurance coverage, whether a JR-11 endorsement or otherwise, be filed with the minor's application for a driver's license. We think the purpose of the statute is fully served where, as here, insurance coverage is shown to be in force covering the minor's liability in accordance with the financial responsibility laws of the State. The identical conclusion was reached by the Supreme Court of Tennessee in *Leggett v. Crossnoe,* 336 S.W.2d 1, involving a statute markedly similar to our own. We find the cases relied upon by appellants to be inapposite since they relate to the law prior to its change in 1968.

Summary judgment was also granted in favor of John Bristow, Sr., the minor's father. Since Mr. Bristow did not sign his son's application he could not be held liable under Section 93 (b). The summary judgment in both his and his wife's favor covered the further counts of appellants' declaration claiming that each of them was liable for their son's negligence on the theory that they were negligent in permitting him to obtain a driver's license in the first instance, and in negligently entrusting him with the motor vehicle involved in the accident. In their brief on appeal, no challenge was made by appellants respecting entry of the summary judgment in these particulars.

*Judgment affirmed; costs to be paid by appellants.*