**BENNINGS ASSOCIATES et al., Appellants,**

v.

**The JOSEPH M. ZAMOISKI CO., Appellee.**

No. 10766.

District of Columbia Court of Appeals.

Argued Dec. 1, 1976.

Decided Nov. 21, 1977.

J. H. Krug, Washington, D. C., for appellants.

John S. Hoff, Washington, D. C., for appellee.

Before KERN, GALLAGHER and MACK, Associate Judges.

PER CURIAM:

This is an appeal from actions to enforce a mechanic's lien against Bennings Associates and Eastern Avenue Associates, owners of two apartment complexes, and for personal judgment against Ellen Construction Company and Helene Construction Company, for the purchase price of approximately two hundred air conditioners used in the renovation of the apartments. The trial court granted the plaintiff-seller, Zamoiski Company, judgment on the pleadings enforcing the mechanic's liens, granting judgment for the appliances' contract price against the construction companies, and dismissing the counterclaims of the defendant-buyers for damages for alleged breach of contract. The defendants appeal from these judgments and from an order denying their motion for leave to amend their answers and counterclaims.

Pursuant to contracts entered into in July 1973, Zamoiski sold appliances to Helene and Ellen Construction Companies for use in the rehabilitation of the Benning Road Apartments and the Eastern Avenue Apartments. It is undisputed that the contracts provided that delivery of the appliances would be made at the order of the construction companies. The defendants allege, however, that the shipments of air conditioners in question were made without a request from the construction companies, and were thus a breach of the·contract causing the defendants substantial damage. Zamoiski contends that since the defendants failed to include in their counterclaims any allegation that they notified Zamoiski of the alleged breach, they are barred from any remedy therefor under D.C. Code 1973, § 28:2–607(3).[1]

The defendants in their opposition to Zamoiski's motion for judgment on the pleadings contended originally that since Zamoiski knew that the delivery of the air conditioners without authorization was in breach of the contracts, it would be a useless formality to require notification. When this contention proved unavailing, at the hearing on the motion, the defendants orally requested leave to amend their pleadings to cure the defect. Despite this request the trial court granted Zamoiski's motion without providing for leave to amend. The defendants then filed motions for relief from the judgments under Super.Ct.Civ.R. 60(b)(1) and (6),[2] and for leave to amend their answers and counterclaims. In its Memorandum and Order dated February 18, 1976, denying these motions, the court stated that no application for leave to amend was made before judgment was entered, evidently disregarding the oral motion made at the hearing when counsel for the defendants stated "May I suggest, Your

---

1. D.C. Code 1973, § 28:2–607 provides that "(3) [w]here a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . . .."

2. Rule 60(b) provides that "[o]n motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

Honor, that if we amend the pleadings perhaps some of these questions can be resolved. I am asking for leave to amend—asking now or by filing a motion to that effect."

Because many of the issues raised by the parties are those that would properly be dealt with at trial, the only ones that need be considered here are the propriety of the denial of leave to amend and the granting of the motion for judgment on the pleadings.

Super.Ct.Civ.R. 15(a) provides that leave to amend pleadings shall be freely given when the interests of justice so require. *Watwood v. Credit Bureau, Inc.*, D.C.Mun. App., 68 A.2d 905 (1949). In interpreting the same rule, federal courts have shown a strong liberality in allowing amendments, recognizing that the entire spirit of the rules is to the effect that controversies should be decided on the merits. Moore, 3 Federal Practice 873, ¶ 15.08[2] (2d ed. 1974). Thus in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court held that the federal district court abused its discretion in denying a motion to amend a complaint to assert a right to recovery in quantum meruit after dismissal of the complaint on the ground that the oral agreement on which the plaintiff sought to recover was unenforceable under the Statute of Frauds. Noting that the amendment would have done no more than state an alternative theory of recovery, the Supreme Court stated that the rule declaring that leave to amend shall be freely given is a mandate to be heeded. If the underlying facts or circumstances relied on may be the proper subject of relief, then the party ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis, supra* at 182, 83 S.Ct. 227. Similarly, here, the defendants' allegation that notice need not be given is not inconsistent with the allegation that notice actually was given and the pleadings, if amended, would do no more than state an alternative theory upon which relief could be granted. We have repeatedly emphasized the desirability of assuring the right to be heard on the merits. *Garces v. Bradley*, D.C.App., 299

A.2d 142, 144 (1973); *Jones v. Hunt*, D.C. App., 298 A.2d 220, 221 (1972).

■ It is also clear that motions incidental to or made during a hearing or trial may be made orally; formal written notice is not required. Rule 7(b)(1) specifically exempts oral motions in such circumstances from rigid requirements of particularity, since they will be recorded in the minutes of the trial or hearing. Wright & Miller, Federal Practice and Procedure § 1193 (1969). Defense counsel's oral request to amend the pleadings made at the close of the hearing constituted a motion for leave to amend which should have been granted by the trial court in the interests of justice.

■ Finally, a motion for judgment on the pleadings should not be granted where there is a genuine issue of material fact. *Amberger & Wohlfarth, Inc. v. District of Columbia*, D.C.App., 300 A.2d 460 (1973). *See also Leventhal v. Phoenix Insurance Co.*, D.C.App., 251 A.2d 391 (1969). Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment. In considering such a motion the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. Wright & Miller, *supra*, § 1368. Here, appellants allege that because of Zamoiski's unauthorized delivery they suffered considerable expense in that the air conditioners had to be stored in vacant apartments thereby delaying construction, that a security service had to be hired to guard them and that some were in fact stolen. If unauthorized, Zamoiski's delivery would constitute a breach of contract that would entitle appellants to resulting damages under D.C. Code 1973, § 28:2–714.[3] Although appellee was entitled as a matter of law to the purchase price of the goods accepted, the issues of notification, breach of contract and damages and set-offs remain to be resolved.

Therefore the judgment is reversed and the cause remanded to the trial court with directions to allow the defendants to reinstate, amend and pursue their counter-

---

**3.** D.C. Code 1973, § 28:2–714(1) provides that
Where the buyer has accepted goods and given notification . . . he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of

events from the seller's breach as determined in any manner which is reasonable.
*See also* D.C. Code 1973, § 28:2–715 regarding incidental and consequential damages.

claims and to permit recovery by Zamoiski Company of the purchase price of the air conditioners subject to whatever rights the appellants may have against Zamoiski for breach of contract—meanwhile staying execution of the mechanic's liens pending the outcome of the proceedings.

*So Ordered.*